IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**$71,220.00 IN UNITED STATES CURRENCY, More or less,**<br><br>   **Defendant.** | Case No. 21-1052-DDC-TJJ |

### MEMORANDUM AND ORDER

On February 24, 2021, plaintiff United States of America filed a Complaint for Forfeiture in Rem (Doc. 1). Rather than grant the request, the court issued a Show Cause Order, which directed the United States to clarify the legal basis they had provided with their Complaint (Doc. 3). The United States filed their Response (Doc. 4) within the time provided by the court. And the court finds the Response shows good cause, as explained below.

The court issued the Show Cause Order in this case because the United States relies on Supplemental Rule G for legal grounding. *See* Doc. 1 at 1 (Compl.) (explaining the United States "brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure"). But, that Rule seems to draw a distinction based on the whereabouts of the property at issue. Supp. R. G(3)(b)(i)–(ii). "If the defendant is not real property" and "if it is in the government's possession, custody, or control[,]" Rule G(3)(b)(i) provides that "the *clerk* must issue a warrant to arrest the property[.]" Supp. R. G(3)(b)(i) (emphasis added). If, on the other hand, the property "is not in the government's possession,

custody, or control and is not subject to a judicial restraining order[,]" and if the court finds probable cause, the court "must issue a warrant to arrest the property[.]" Supp. R. G(3)(b)(ii).

In this case, the Complaint alleges that the property at issue is in the government's possession and control. *See* Doc. 1 at 1 (Compl. ¶ 2). But, the Complaint doesn't distinguish or invoke, specifically, either Rule G(3)(b)(i) or (ii). The facts alleged in the Complaint align with the situation contemplated by Supp. R. G(3)(b)(i), which provides that the clerk "*must* issue a warrant to arrest the property." Supp. R. G(3)(b)(i) (emphasis added). However, the Complaint asks the *court* to issue an arrest warrant. Doc. 1 at 2 (Compl. ¶ 4). The requested relief therefore emulates the scenario envisioned under Supp. R. G(3)(b)(ii), even though the surrounding facts appear akin to circumstances involving Supp. R. G(3)(b)(i).

The court thus ordered the United States to show cause by clarifying the reasons underlying their approach. And, the United States has done so (Doc. 4). Its Response explains "there is nothing in Supplemental Rule G(3)(b)(i) that prohibits the government from requesting or the court from issuing an arrest warrant for property in the government's possession." *Id.* at 2. And, the government identifies helpful authority from the Northern District of New York, where similar facts played out. *Id.* at 3 (quoting *United States v. $16,072.00*, 374 F. Supp. 3d 205, 211 (N.D.N.Y. 2019)). In sum, the United States identifies a "strong public policy behind this preference for a judicial finding of probable cause when the government is seizing personal property for forfeiture without a criminal conviction." *Id.* at 4.

In other words, "it is the United States' position that a judicial finding of probable cause is the preferred process before an arrest warrant in rem is issued for property for which forfeiture is sought in a civil judicial action." *Id.* This is so because "judicial oversight at the earliest stage" helps ensure a level of added protection for "the interests of all persons and potential

parties, addresses one of the often-expressed concerns regarding asset forfeiture, promotes a positive public policy, and satisfies the clear preference for a judicial finding as set out in the Comments to Rule G(3)(b) and the National Code of Professional Conduct for Asset Forfeiture." *Id.*

The court agrees with this clarification about the relationship between Supplemental Rule G, applicable Committee Notes, the National Code of Professional Conduct for Asset Forfeiture, and relevant case law.  The court concludes that the government has shown sufficient good cause.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff United States of America has shown good cause why the court should not deny their request for an arrest warrant in rem (Doc. 1).  The court will rule their request in a forthcoming Order.

**IT IS SO ORDERED.**

**Dated this 10th day of May, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
